1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Leslie Dean Forman,                        No. 2:22-cv-01944-KJM-AC

12                  Plaintiff,                   ORDER

13         v.

14   John Hancock Life Insurance Company and
     DOES 1 through 20, inclusive,
15

16                  Defendants.

17

18

19        Plaintiff Leslie Dean Forman, a resident of Placer County, brings this action against

20   defendant John Hancock Life Insurance Company ("JHLICO"),[1] claiming JHLICO was

21   negligent, engaged in fraudulent misrepresentation, and breached its fiduciary duty when it

22   improperly handled Forman's investment account holdings.  JHLICO moves to dismiss Forman's

23   complaint.  Mot., ECF No. 7.[2]  The court held a hearing on the motion on March 10, 2023.  Mins.

24   Hr'g, ECF No. 18.  Karen Frostrom appeared for plaintiff and Brian Murray appeared for

_____

[1] At hearing, the court confirmed with the parties JHLICO was erroneously sued as John
Hancock Retirement Plan Services.  The caption has been corrected on the public docket.
[2] When citing page numbers on filings, the court uses the pagination automatically
generated by the CM/ECF system.

1    defendant. *Id.* For the reasons below, the court **grants** the motion in part with leave to amend

2    and **denies** it in part.[3]

3    **I.       BACKGROUND**

4         **A.       Factual Background**

5         Plaintiff Forman opened an "investment account" with defendant JHLICO in 2017

6    depositing approximately $2,709,851.  State Ct. Compl. ¶ 5, Notice of Removal Ex. A, ECF No.

7    1-1.  At hearing, Forman conceded the account in question is an employer-sponsored tax qualified

8    401(k) Plan.  More than a year prior to opening this 2017 account, Forman had signed a

9    recordkeeping agreement with JHLICO in December 2015 as trustee for the 401(k) "Profit

10   Sharing Plan" held by his former employer Prospero Benefits and Insurance Services (formerly

11   GFBB Benefits and Insurance Services, Inc.).  Recordkeeping Agreement at 27, Mot. Ex. A, ECF

12   No. 7-2.[4]  At hearing, Forman confirmed he is still a trustee of the Plan.

13        In the recordkeeping agreement, Forman, as trustee of the Plan held by Prospero,

14   contracted with JHLICO for "recordkeeping and administrative services for the Plan." *Id.* at 5.

15   The agreement explicitly states John Hancock is a "limited fiduciary" and "shall[] act only in

16   accordance with directions from trustee(s)" who retain "authority and responsibility for reviewing

17   the Plan documents, ensuring compliance with ERISA, . . . and instructing John Hancock

18   accordingly." *Id.*

---

[3] The court **grants** JHLICO's unopposed request for judicial notice of GFBB Benefits and Insurance Services, Inc. and Prospero Benefits Group & Insurance Services, Inc.'s public tax and account holding documents for the employer-run retirement investment accounts, of which Forman was the trustee.  *See* Request for Judicial Notice (RJN), ECF No. 8; *see also* Fed. R. Evid. 201(c); *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. Mar. 13, 2017) ("Courts routinely take judicial notice of ERISA plan documents . . . .").  But the court does not take judicial notice of disputed factual information contained in those documents.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

[4] At hearing, Forman confirmed he does not dispute the authenticity or existence of this agreement.  *See also* Opp'n at 1 (claiming "[t]he facts set forth in [defendant's] motion are accurate").  The court takes judicial notice of the existence of the agreement in deciding this motion.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding "even though the plaintiff does not explicitly allege the contents of th[e] document in the complaint," courts may consider documents defendant attaches to its motion to dismiss and where authenticity is not disputed by parties).

1    In 2020, Forman realized the stock market was destabilizing and instructed JHLICO to

2  move money he identifies as his, valued at that point at about $3,129,969, out of the stock market

3  into a stable value fund.  *See* State Ct. Compl. ¶ 6.  Forman claims JHLICO later negligently

4  handled his money when in January 2021 JHLICO transferred his funds from that stable value

5  fund back into the stock market without his consent, causing a loss of roughly $537,000.  *Id.* ¶ 7.

6  In February 2022, Forman ordered JHLICO to liquidate his holdings and transfer them to an

7  alternate account servicer, Principal Life, but a delay in JHLICO's processing caused another loss

8  of $50,000.  *See id.* ¶ 9.

9           **B.      Procedural Background**

10   Forman brought state law claims in California Superior Court against JHLICO for

11  negligence, misrepresentation and breach of fiduciary duty, seeking damages.  *Id.* at 6–8.

12  JHLICO removed the case to federal court based on 28 U.S.C. § 1446(b), invoking federal

13  jurisdiction under 28 U.S.C. §§ 1331 and 1332.[5]  Notice of Removal ¶¶ 2–11, ECF No. 1.

14  JHLICO then brought this motion to dismiss asserting federal law preempts Forman's claims.

15  Mot. at 2.  Forman opposes the motion, *see* Opp'n, ECF No. 12, and JHLICO has replied, *see*

16  Reply, ECF No. 16.  At hearing, Forman confirmed he is suing in his individual capacity and not

17  on behalf of Prospero as trustee of the Plan, because he is the beneficiary of the account and was

18  the one who lost the money.

19  **II.    LEGAL STANDARD**

20   Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure

21  to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be

22  granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not

23  support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th

24  Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The

25  court assumes all factual allegations are true and construes "them in the light most favorable to

---

[5] Forman is a California citizen and JHLICO is a Michigan corporation with its principal place of business in Massachusetts.  Not. of Removal ¶ 10.  The amount in controversy exceeds $75,000.  *Id.*

1   the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019)

2   (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  "Ordinarily,

3   a court may look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v.*

4   *Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002), and may not "consider[ ] evidence

5   outside the pleadings," *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  However,

6   exceptions exist for "matters of judicial notice," which a court may properly consider "without

7   converting the motion to dismiss into a motion for summary judgment."  *Id.* at 908–09.  If the

8   complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be

9   granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

10        A complaint need contain only a "short and plain statement of the claim showing that the

11   pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl.*

12   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned

13   accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at

14   678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id.*

15   This evaluation of plausibility is a context-specific task drawing on "judicial experience and

16   common sense."  *Id.* at 679.

17   **III.   ERISA PREEMPTION**

18        JHLICO argues all three of plaintiff's claims—negligence, misrepresentation and breach

19   of fiduciary duty—are preempted by the Employee Retirement Income Security Act of 1974

20   (ERISA) because they relate to an ERISA-governed plan.  Mot. at 2.  JHLICO argues the account

21   in question is related to a "tax qualified 401(k) retirement plan[,] [which] is an 'employee pension

22   benefit plan' governed by [ERISA]."  Mot. at 8.  Forman agrees he "had a retirement account

23   with John Hancock through his former employer, Prospero," and concedes the facts set forth in

24   Hancock's motion are true.  Opp'n at 1.

25        ERISA provides statutory remedies for violations of employees' rights related to their

26   pension or welfare plans.  *Shaw v. Delta Airlines*, 463 U.S. 85, 90–91 (1983).  The Act governs

27   plans that "relate to any employee benefit plan" as defined by the statute.  29 U.S.C. § 1144(a);

1  *see also Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1111 (9th Cir. 2006) ("[ERISA] governs

2  the administration of employer-provided benefit pension plans.").

3  　　　There are two types of ERISA preemption: 1) "conflict preemption" under ERISA

4  § 502(a), 29 U.S.C. § 1132(a), and 2) "express preemption" under ERISA § 514(a), 29 U.S.C.

5  § 1144(a).  *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1107 (9th Cir.

6  2011).  All "preemption provisions defeat state-law causes of action on the merits," *id.*, if certain

7  conditions are met as explained below.

8  　　　**A.**　　　**Forman's Claims Are Not Preempted By ERISA § 502(a)**

9  　　　ERISA § 502(a) "contains a comprehensive scheme of civil remedies to enforce ERISA's

10  provisions" and completely preempts a state-law claim if the claim "would fall within the scope

11  of [ERISA's] scheme of remedies."  *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225

12  (9th Cir. 2005).  Defendant argues "[b]ecause Plaintiff's purported state law claims actually state

13  a potential claim for breach of fiduciary duty under an ERISA plan, Plaintiff must assert them

14  under ERISA § 502(a)'s civil enforcement provisions."  Mot. at 12–13.  Specifically, defendant

15  points to ERISA § 502(a)(2), *id.* at 12, which provides "[a] civil action may be brought . . . by a

16  participant, beneficiary or fiduciary for appropriate relief under [ERISA § 409]," 29 U.S.C.

17  § 1132(a)(2).  ERISA § 409, in turn, sets forth liabilities for breach of fiduciary duty.  29 U.S.C.

18  § 1109; *see also* 29 U.S.C. § 1002(21)(A) (defining ERISA fiduciary).[6]

19  　　　The court finds Forman's claims are not within the scope of ERISA § 502(a)(2) because

20  JHLICO is not an ERISA fiduciary.  Defendant itself argues it did not act as an ERISA fiduciary.

---

[6] Under ERISA,

> [A] person is a fiduciary with respect to a plan to the extent (i) he
> exercises any discretionary authority or discretionary control
> respecting management of such plan or exercises any authority or
> control respecting management or disposition of its assets, (ii) he
> renders investment advice for a fee or other compensation, direct or
> indirect, with respect to any moneys or other property of such plan,
> or has any authority or responsibility to do so, or (iii) he has any
> discretionary authority or discretionary responsibility in the
> administration of such plan.

29 U.S.C. § 1002(21)(A).

5

*See* Opp'n at 16–17.  The relationship between Forman and JHLICO is defined by the recordkeeping agreement the parties entered into in 2015.  *See* Recordkeeping Agreement at 5. Under the terms of the agreement, JHLICO agreed to provide recordkeeping and administrative services.  *Id.*  JHLICO is not obligated to handle the pension benefits directly or manage the retirement accounts in a discretionary way; its obligations are explicitly non-discretionary.  *Id.* Moreover, JHLICO argues it "did not perform any services [in the agreement] 'as a fiduciary[.]'" Mot. at 17.  Here, Forman could not have brought his claims under ERISA 502(a)(2) for breach of fiduciary duty because JHLICO is not an ERISA fiduciary.  *See Mertens v. Hewitt Assocs.*, 948 F.2d 607, 610 (9th Cir. 1991), *aff'd*, 508 U.S. 248 (1993) ("A party rendering professional services to a plan is not a fiduciary so long as he does not exercise any authority over the plan in a manner other than by usual professional functions." (internal marks and citations omitted)).

Moreover, any fiduciary duties JHLICO owed Forman arose out of its obligations under the Recordkeeping Agreement and not from the terms of the Plan.  *Cf. Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051–52 (9th Cir. 1999) (finding no preemption under ERISA § 502(a)(1)(B) because claims arose from alleged breach of separate contract, and not terms of ERISA-covered plan); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 948 (9th Cir. 2009) (concluding no preemption under ERISA § 502(a)(1)(B) for claims arising out of separate oral agreement).  Forman claims JHLICO wrongfully transferred his funds into the stock market and then delayed transferring his funds to a different account servicer against his explicit directions.  State Ct. Compl. ¶¶ 7–9; *see* Opp'n at 1 (arguing for first time that system malfunction caused error forming basis of defendant's liability).  The allegations in the complaint do not claim there was a violation of the terms of the Plan.  Here, Forman's claims are not preempted by ERISA § 502(a).

**B.    Forman's Claims Are Not Preempted Under ERISA § 514(a)**

ERISA § 514(a) can preempt a claim when the state action "relate[s] to" an ERISA-covered plan.  *Fossen*, 660 F.3d at 1108.  The Supreme Court has interpreted "relate to" in this context as (1) having a connection with or (2) referencing such an ERISA-covered plan.  *Cal. Div. of Labor Standards Enf't v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997).

1   "Stated another way, where the existence of an ERISA plan is a critical factor in establishing

2   liability under a state cause of action, the state law claim is preempted." *Wise v. Verizon*

3   *Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citation and marks omitted).

4          The Supreme Court has narrowed its once broad interpretation of "relate to" in certain

5   respects since ERISA was first passed, while maintaining a focus on the objectives of the ERISA

6   statute and the principles it embodies to guide an understanding of the law's scope. *See De*

7   *Buono v. NYSA-ILA Med. & Clinical Servs. Fund*, 520 U.S. 806, 813–15 (1997) (finding state

8   health law did not infringe on ERISA in "case in which the existence of a pension plan [was not]

9   a critical element of a state-law cause of action"); *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S.

10  141, 148–50 (2001) (finding ERISA preempted Washington State statute automatically revoking

11  life insurance benefits for divorced former spouse because revocation was contrary to ERISA

12  principles requiring plans be administered and benefits paid in accordance with plan documents).

13  Just because a state law claim has some connection with an ERISA plan does not mean it is

14  automatically preempted; rather, it depends on the type of connection. *N.Y. State Conf. of Blue*

15  *Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) ("For the same reasons

16  that infinite relations cannot be the measure of pre-emption, neither can infinite connections.").

17         Additionally, ERISA principles are consistent with streamlining enforcement of the law.

18  *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990) (noting goal of ERISA § 514(a)

19  "to minimize the administrative and financial burden of complying with conflicting directives

20  among States or between States and the Federal Government"). To this end, ERISA "controls the

21  administration of benefit plans," including "reporting and disclosure mandates, participation and

22  vesting requirements, funding standards, and fiduciary responsibilities for plan administrators."

23  *Travelers*, 514 U.S. at 651 (internal citation omitted). With this understanding, preemption is

24  designed "to avoid a multiplicity of regulation in order to permit the nationally uniform

25  administration of employee benefit plans." *Id.* at 657. If applying state law over federal law

26  would interfere with the consolidation of administrative burdens, courts should exercise caution

27  in assessing whether a matter is preempted. *See Egelhoff*, 532 U.S. at 149–50. These concerns

28  are not present in this case involving Forman and JHLICO, however.

On the one hand, JHLICO argues the account in question is related to a "tax-qualified 401(k) retirement plan[,] [which] is an 'employee pension benefit plan' within the meaning of ERISA[.]"  Mot. at 12; *see also* 29 U.S.C. § 1002(2).[7]  The Plan documents for Forman, covered by JHLICO's Request for Judicial Notice, show the Plan had between seven and ten employees in any given year between 2017 and 2022.  RJN, Exs. 1–6.  Forman concedes the account at issue was a retirement account through his former employer, Prospero.  Opp'n at 1.

On the other hand, Forman's claims are not preempted under ERISA § 514(a) because the connections between the Plan and the state law causes of action are too tenuous.  *See Travelers*, 514 U.S. at 661 ("Pre-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." (citations and marks omitted)); *see also Scripps Health v. Schaller Anderson, LLC*, No. 12-252, 2012 WL 2390760, at *3 (S.D. Cal. June 22, 2012) (finding ERISA did not preempt because "state-law claims are traditional state claims that are only tangentially related to the administration of the employee benefit plan").

Here, Forman's claims concern JHLICO's alleged actions in transferring funds without Forman's consent, and later not moving the funds quickly enough—not the administration of the employee benefit Plan itself.  *See* State Ct. Compl. ¶¶ 7–9; Opp'n at 1.  The claims are not related to the denial of benefits under the ERISA-covered Plan, the administration of Plan benefits, or a breach of that Plan.  *See Ariz. State Carpenters Pension Tr. Fund v. Citibank (Ariz.)*, 125 F.3d 715, 724 (9th Cir. 1997) (Citibank's nonfiduciary custodial relationship with Trust and general state common law principles too tenuously connected with ERISA's regulation of benefit plans to trigger preemption).  The claims if ultimately successful will not "preclude uniform

---

[7] [T]he terms 'employee pension benefit plan' and 'pension plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-- (i) *provides retirement income to employees* . . . .

29 U.S.C. § 1002(2) (emphasis added).

1   administrative practices." *Id.* at 723.  The existence of an ERISA-covered employment pension

2   plan is not "a critical factor in establishing liability" given the claims.  *Cf. Wise*, 600 F.3d at 1190.

3   The claims are not preempted.  That does not mean they are pled to as to survive a motion to

4   dismiss, as the court discusses next.

5   **IV.    FRAUDULENT MISREPRESENTATION CLAIM**

6           Forman claims JHLICO misrepresented its services to him when his money was moved

7   into the stock market against his explicit instructions.  *See* State Ct. Compl. ¶¶ 15–16.  In his

8   opposition, Forman describes the negligent action as a "mistake" in JHLICO's computer

9   software, which failed to turn off an auto-balancing function and moved the money back onto the

10  stock market.  *See* Opp'n at 1.  Federal law requires that a party alleging fraud "state with

11  particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A defendant

12  must be put on notice of the particular misconduct, enough so as to defend against the charge.

13  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Fraudulent

14  misrepresentation under California law requires (1) a misrepresentation; (2) knowledge of that

15  falsity; (3) intent to defraud; (4) justifiable reliance on that misrepresentation; and (5) damages.

16  *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008).

17          Forman's pleading of this claim is light on details.  *See* State Ct. Compl. ¶¶ 15–21.  He

18  identifies the misrepresentation simply as JHLICO's putting his money into a stable fund and

19  then moving it to the stock market against explicit instructions.  *Id.*  But he does not explain

20  JHLICO's knowledge of any falsity.  Rather, in his opposition, Forman argues there was no

21  "discretionary misconduct . . . but instead . . . flaws in the computer system" whereby JHLICO

22  "failed to flip the second switch and turn off the auto balancing feature in the account."  Opp'n at

23  1.  Forman's own argument that JHLICO made a "mistake" betrays no knowledge of falsity.  *See*

24  *Id.* at 2.  Moreover, if Forman claims the system was mistaken and there was no "decision" made

25  to move the money, then there cannot have been intent on the part of JHLICO to defraud Forman.

26          Also as noted, in his opposition Forman introduces Prospero as the party harmed by

27  JHLICO's alleged fraudulent misrepresentation.  He claims it was Prospero that relied on

28  JHLICO's false representation.  *Id.* at 3.  But Prospero is not a party to this case.  At hearing,

Forman clarified he is suing in his individual capacity and not on behalf of Prospero as the trustee of the Plan.  If that is the case, he will need to clarify how he was harmed in any future complaint.

The court **grants JHLICO's motion to dismiss** the fraudulent misrepresentation claim, but **with leave to amend** if possible under Federal Rule of Civil Procedure 11.  The court does not find leave to amend would be futile here.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## V.   NEGLIGENCE AND BREACH OF FIDUCIARY DUTY CLAIMS

Apart from the argument on ERISA preemption, JHLICO does not separately seek dismissal of Forman's state law negligence or breach of fiduciary duty claims for failure to state a claim.  These state law claims thus survive.

## VI.   CONCLUSION

For the reasons above, the court **denies JHLICO's motion to dismiss the state law claims for negligence and breach of fiduciary duty** based on ERISA preemption and **grants JHLICO's motion to dismiss the state law claim for fraudulent misrepresentation with leave to amend.**  Any amended complaint shall be filed within **21 days** of the filing date of this order.

The court **grants JHLICO's request for judicial notice.**

This order resolves ECF No. 7.

IT IS SO ORDERED.

DATED:  April 19, 2023.

CHIEF UNITED STATES DISTRICT JUDGE